**NOT FOR PUBLICATION**                                                                 **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILLIAM DAYSON CASRELL, et al., : | |
| : Plaintiff, : | Civil Action No. 14-2047 (JAP) |
| v. : | **MEMORANDUM AND ORDER** |
| SGT. REESE, et al., : | |
| : Defendants. : | |

IT APPEARING THAT:

1. Plaintiffs, twelve pre-trial detainees presently confined at Monmouth County Correctional Facility, seek to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

1

2. The Complaint was signed by Plaintiff William Dayson Casrell, with an attachment containing the names of eleven additional Plaintiffs: Lashain Fitch, Edward O'Neal, Bernard Valentin, Unigue Randolph, Bryan Burford, Jahmir Bowie, Najee Standard, Leroy Taylor, Jarrone Perry, Lachatavon Nance, and Dashaun Clayton.

3. Plaintiff Casrell submitted an application to proceed *in forma pauperis* on his own behalf, however that application is deficient because Plaintiff's account statement did not provide account information for the appropriate time frame and was not certified.

4. The remaining eleven Plaintiffs did not provide any account information or applications to proceed *in forma pauperis*.

5. To the extent that Plaintiffs are attempting to establish class certification, that application will be dismissed because this complaint cannot proceed as a class action in the present posture. Since no Plaintiffs have paid the filing fee or submitted a properly completed application to proceed *in forma pauperis*, this Court has no certainty that all named Plaintiffs intend to incur the financial responsibility and legal consequences associated with initiation of this action. Moreover, given the lack of factual allegations in the complaint, the Court cannot establish whether the facts will be applicable to all Plaintiffs.

6. The Court, however, cannot rule out the possibility that any/all Plaintiffs named in the Complaint might wish to prosecute their own claims and would be able to file amended complaints detailing the specific facts which each Plaintiff believes to be indicative of his rights being violated.

THEREFORE, it is on this 4th day of April, 2014,

ORDERED that, to the extent that Plaintiffs are attempting to establish class certification, Plaintiffs' application for class certification is dismissed; and it is further

ORDERED that Plaintiffs' applications to proceed *in forma pauperis* are denied; and it is further

ORDERED that the Complaint [ECF 1] is DISMISSED. Such dismissal is without prejudice to Plaintiffs' filing of individual amended complaints which conform to the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk shall terminate all Plaintiffs in this matter, except for William Dayson Casrell; and it is further

ORDERED that the Clerk shall administratively terminate this matter, subject to reopening in the event that Plaintiff Casrell submits, within 30 days from the date of entry of this Order, his signed amended complaint asserting his own challenges, together with either the appropriate fees or with his duly executed *in forma pauperis* application; and it is further

ORDERED that the Clerk shall open eleven new matters for the additional Plaintiffs: Lashain Fitch, Edward O'Neal, Bernard Valentin, Unigue Randolph, Bryan Burford, Jahmir Bowie, Najee Standard, Leroy Taylor, Jarrone Perry, Lachatavon Nance, and Dashaun Clayton. Each new matter shall designate each of these individuals as "Plaintiff" in his respective new matter; and it is further

ORDERED that the Clerk shall docket the instant Complaint [ECF 1] and a copy of this order in each such new matter; and it is further

ORDERED that the Clerk shall designate, in each such new matter, "Cause:42:1983 Prisoner Civil Rights" and "Jurisdiction: Federal Question"; and it is further

ORDERED that the Clerk shall administratively terminate each of these newly opened matters, subject to reopening in the event that each Plaintiff designated in the matter submits, within 30 days from the date of entry of this Order, his signed amended complaint stating the

Plaintiff's individual claims and designating appropriate defendants with regard to those claims. Each such submission should be made together with either the appropriate fees or with his duly executed *in forma pauperis* application; and it is further

ORDERED that the Clerk shall serve copies of this Order upon all Plaintiffs by regular U.S. Mail. Each such mailing shall include a blank civil complaint form and blank *in forma pauperis* application form for litigants seeking to file a civil complaint for use by a prisoner; and it is further

ORDERED that each of the Clerk's mailings to Plaintiffs (excluding Casrell) shall also include a copy of the docket sheet of the new matter opened for that particular Plaintiff; and it is further

ORDERED that no statement made in this Order shall be construed as expressing this Court's opinion about either procedural or substantive validity of the claims that might be alleged by any Plaintiff referred to in this Order; and it is finally

ORDERED that the Clerk shall close the file in this matter.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge